CULPEPPER, Judge.
We granted the application for rehearing by Joseph N. Traigle, Collector of Revenue for the State of Louisiana. He contends we erred in three respects: (1) Not granting judgment against the Parish of Calca-sieu as well as Canalco; (2) not increasing the amount of statutory penalties from $58,655 to the sum of $76,038.98; (3) amending the judgment of the trial court to provide interest on the amount of the taxes due at the rate of 1/2% per month from due date until paid.
JUDGMENT AGAINST THE PARISH OF CALCASIEU
In our original opinion we found the parish is liable for the taxes but stated *923 that since Canalco has assumed all of the tax obligations of the parish, we did not believe it necessary to give judgment against both the parish and Canalco. In his application for rehearing, the Collector of Revenue strongly urges that he desires and is entitled to judgment against the parish, because if Canalco should undergo some sort of corporate reorganization or become financially unable to pay the judgment, then the Collector’s judgment would be worthless. We agree with the Collector. He is entitled to judgment against the parish since it is the party primarily liable for the taxes. Canalco is liable only under its hold-harmless agreement with the parish.
INTEREST ON THE UNPAID TAXES
In his application for rehearing, the Collector argued that we erred in amending the trial court judgment to provide for interest on the amount of taxes due at the rate of 1/£ of 1% per month from the due date. However, in oral argument on the application for rehearing, the attorney for the Collector stated that in view of our decision and the recent decision in Parish of Calcasieu, through the Calcasieu Parish Police Jury v. Joseph N. Traigle, 296 So.2d 418 (1st Cir. 1974), the Collector abandons this argument as to interest. Our original opinion will therefore remain unchanged in this respect.
THE AMOUNT OF STATUTORY PENALTIES
In his application for rehearing, the Collector reargues that credits for the amounts of $8,574.87 and $8,863.56, which were paid on the sales and use taxes due, should not be allowed. We have carefully reviewed the issue and, for the reasons stated in our original opinion, make no change in this regard.
RESERVATION TO THE PARISH OF CALCASIEU OF THE RIGHT TO APPLY FOR A FURTHER REHEARING
In oral argument on the Collector’s application for a rehearing seeking judgment against the Parish of Calcasieu, the attorneys for the parish stated that if and in the event judgment is rendered on rehearing against the parish, there is an error in the amount of penalties assessed. Since the parish has not heretofore applied for a rehearing, no judgment having been rendered against it in our original opinion, we do not have before us at the present time the issue of whether the penalties assessed against the parish are excessive. Nevertheless, under Rule XI, Section 5 of the Uniform Rules of the Courts of Appeal, we reserve to the Parish of Calcasieu the right to apply for a rehearing from the judgment being rendered herein against it.
For the reasons assigned, our original judgment is amended so as to render judgment in favor of the Collector of Revenue for the State of Louisiana and against the Parish of Calcasieu. Otherwise, our original judgment is reinstated. We reserve to the Parish of Calcasieu the right to apply for a rehearing from this judgment.
Original judgment amended in part and reinstated; right reserved to Parish of Calcasieu to apply for further rehearing.
WATSON, J., dissents and assigns written reasons.